NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13364


MATTHEW DUNN  vs.  MARIE LANGEVIN & others.[1]



Worcester.      March 8, 2023. - July 11, 2023.

Present:  Budd, C.J., Gaziano, Lowy, Cypher, Kafker, Wendlandt,
& Georges, JJ.


Massachusetts Commission Against Discrimination.  Supreme
     Judicial Court, Superintendence of inferior courts.
     Practice, Civil, Motion to dismiss.



     Civil action commenced in the Superior Court Department on
July 29, 2020.

     A motion to dismiss was heard by Janet Kenton-Walker, J.

     An application for leave to prosecute an interlocutory
appeal was allowed by Joseph M. Ditkoff, J., in the Appeals
Court.  The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


     Benjamin C. Rudolf for the plaintiff.
     Thomas J. Conte (Alexandra N. Mansfield also present) for
the defendants.
     Patricia A. Washienko & Allison L. Williard, for
Massachusetts Employment Lawyers Association & another, amici
curiae, submitted a brief.
     Deirdre Ann Hosler, for Massachusetts Commission Against
Discrimination, amicus curiae, submitted a brief.

_____

     [1] Mark W. Langevin and Phoenix Communications, Inc.

KAFKER, J. In this case, we revisit the reach of certain emergency orders issued by this court during the early months of the COVID-19 pandemic. In those orders, this court, pursuant to its superintendence and rule-making authority, sought to reduce the number of people coming into Massachusetts court houses during the pandemic. The orders, among other measures, tolled "[a]ll civil statutes of limitations" between March 17, 2020, and June 30, 2020. The question before us is whether that tolling applies to the time limits established in G. L. c. 151B, § 5, including those that require that claims be pursued by first filing a complaint with the Massachusetts Commission Against Discrimination (MCAD) "within 300 days after the alleged act of discrimination."

We answer this question in the negative. Our emergency orders were expressly issued pursuant to our superintendence authority under G. L. c. 211, § 3, to oversee "the administration of all courts of inferior jurisdiction." The MCAD is an executive branch agency, not a court of inferior jurisdiction. We also conclude that the plaintiff is not entitled to benefit from equitable tolling. Not only was our order issued pursuant to our superintendence powers over courts, and not independent executive branch agencies, but the MCAD also had its own express tolling process, which the plaintiff did not

employ.  We therefore affirm the dismissal of his G. L. c. 151B claims.[2]

Background.  While attending a "leadership conference" run by his employer, Phoenix Communications, Inc., in January of 2019, Dunn alleges that he and his girlfriend suffered sexual harassment at the hands of the company's president.  After Dunn discussed the events of the conference with several other employees, he suffered what he claims were several acts of retaliation, the last of which was his termination on November 21, 2019.

Dunn first sought relief in the Superior Court in July 2020 via a suit that included only claims regarding unpaid wages, and no claims based on discrimination or retaliation.  On November 16, 2020, during the pandemic and just shy of one year after his termination, he filed a complaint with the MCAD alleging sexual harassment in violation of G. L. c. 151B, § 4 (16A), and retaliation in violation of G. L. c. 151B, § 4 (4).  He did so even though such a claim must, according to G. L. c. 151B, § 5, be filed with the MCAD within 300 days.  He had also not sought to toll the MCAD filing deadlines even though the MCAD had its

---

[2] We acknowledge the amicus brief submitted by the Massachusetts Employment Lawyers Association and Fair Employment Project, Inc.; and the amicus letter submitted by the Massachusetts Commission Against Discrimination.

own COVID-related tolling process.[3]  Shortly thereafter he sought to withdraw his MCAD complaint and file in the Superior Court. The dismissal notice from the MCAD provided:  "Please note that further administrative or judicial review of the dismissal of your complaint is unavailable."

After Dunn amended his existing Superior Court complaint to add his G. L. c. 151B claims, the defendants moved to dismiss in part.  Those claims were barred, they argued, because Dunn's MCAD complaint was filed too late -- 361 days after his termination, the latest "alleged act of discrimination" for the purposes of the 300-day filing window in G. L. c. 151B, § 5.

---

[3] The MCAD's website included guidance under the heading "How to Submit a Request for Tolling and Extensions."  It provided:

> "The MCAD Commissioners are keenly aware that not everyone may have the ability to file a Complaint during this crisis, and employers and businesses may not be fully functioning and may need additional time to respond to complaints.
>
> "Please note that extending a filing deadline (tolling) and granting a motion requesting an extension will be determined on a case-by-case basis through each individual Investigating Commissioner.
>
> "To submit a motion, please email a PDF of your motion to the investigator or staff member assigned to your case.  If you do not know the person assigned to your investigation, please email mcad@mass.gov."

MCAD COVID-19 Information & Resource Center, https://web.archive .org/web/20201103110905/https://www.mass.gov/guides/mcad-covid-19-information-resource-center [https://perma.cc/KQ72-ECDU].

Dunn did not contest the timing calculation, but argued that the 300-day time limit was tolled by this court's emergency orders, or in the alternative by equitable tolling. The motion judge dismissed the claims, reasoning that our emergency orders applied only to courts, not the MCAD, and that equitable tolling did not apply because Dunn had failed to show that he was excusably ignorant of the deadline. Dunn received leave to pursue an interlocutory appeal from a single justice of the Appeals Court, and we transferred the case to this court sua sponte.

Discussion. "We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, and determining whether the allegations plausibly suggest that the plaintiff is entitled to relief." Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).

1. MCAD requirements. "The MCAD has been charged by the Legislature with addressing certain types of discrimination in the Commonwealth . . . ." Everett v. 357 Corp., 453 Mass. 585, 599 (2009). Those alleging claims under G. L. c. 151B cannot bring a civil suit to court directly; they must first file a verified complaint with the MCAD. See G. L. c. 151B, §§ 5-6, 9; Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 817

(1988) ("It is true that, before initiating a § 9 action, the plaintiff must have filed a timely complaint" with MCAD); Flint v. Boston, 94 Mass. App. Ct. 298, 303 (2018) ("Absent a timely MCAD complaint, a plaintiff is barred from filing a Superior Court action under G. L. c. 151, § 9"). Cf. Charland v. Muzi Motors, Inc., 417 Mass. 580, 585 (1994) ("the election to pursue a claim of discrimination in court applies only after the first step of filing with the MCAD").

Such a complaint must be filed within 300 days. G. L. c. 151B, § 5. However, "at the expiration of ninety days after the filing of a complaint with the [MCAD], or sooner if a commissioner assents in writing," a plaintiff may file suit in the Superior Court if he or she so chooses, triggering dismissal of the MCAD case. G. L. c. 151B, § 9. "The purpose of the administrative filing is '(1) to provide the MCAD with an opportunity to investigate and conciliate the claim of discrimination; and (2) to provide notice to the defendant of potential liability.'" Everett, 453 Mass. at 600, quoting Cuddyer v. Stop & Shop Supermkt. Co., 434 Mass. 521, 531 (2001).

In the instant case, the 300-day filing deadline was missed. There was also no attempt to toll the filing deadline at the MCAD, even though the MCAD had provided instructions for doing so on its website. The plaintiff relies instead on our

emergency orders, or on equitable tolling exceptions, to excuse his failure to meet the MCAD filing deadline.

2. Scope of the emergency orders. In the spring of 2020, we issued a series of emergency orders in response to the COVID-19 pandemic.[4] See Graycor Constr. Co. v. Pacific Theatres Exhibition Corp., 490 Mass. 636, 642-643 (2022) (Graycor); Shaw's Supermkts., Inc. v. Melendez, 488 Mass. 338, 340-341 (2021). Whether the orders operated to toll the G. L. c. 151B, § 5, deadline for filing a complaint with the MCAD is a question of interpretation. "In interpreting rules and orders adopted by this court, we rely upon basic principles of statutory construction. Thus, we begin with the plain language of the

---

[4] See Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144 (Apr. 1, 2020), https://www.mass.gov/doc/repealed-sjc-order-regarding-court-operations-under-the-exigent-circumstances-created-by-the/download [https://perma.cc/F5V5-TPPB]; Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144 (Apr. 27, 2020), https://www.mass.gov/doc/repealed-sjc-updated-order-regarding-court-operations-under-the-exigent-circumstances-created/download [https://perma.cc/JPU4-KUG3]; Second Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144 (May 26, 2020), https://www.mass.gov/doc/repealed-sjc-second-updated-order-regarding-court-operations-under-the-exigent-circumstances/download [https://perma.cc/UYT3-U4KP]; Third Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144 (June 24, 2020), https://www.mass.gov/doc/repealed-sjc-third-updated-order-regarding-court-operations-under-the-exigent-circumstances/download [https://perma.cc/5K7R-27AT].

order.  We do not read any particular provision in isolation but, rather examine its meaning in the context of the order as a whole" (quotation and citations omitted).  Graycor, supra at 643-644.

This interpretive exercise echoes the one we undertook in Graycor.  There, we considered whether the same orders tolled the statutory deadline for recording a notice of contract in the registry of deeds pursuant to G. L. c. 254, § 2.  Graycor, 490 Mass. at 638-639, 643.  As we explained, "[t]he opening paragraphs of the orders clearly stated that they were issued pursuant to our supervisory authority under G. L. c. 211, § 3, to oversee 'the administration of all courts of inferior jurisdiction.'"  Id. at 644.  Also, the purpose of the orders was to "safeguard the health and safety of the public and court personnel" (citation omitted).  Id.  Additionally, the topics they discussed were limited to court operations under the exigent circumstances created by the COVID-19 pandemic, including electronic filing, remote proceedings, and controlling physical access to court houses.  Id. at 644-645.  Considering these factors altogether, we concluded that the orders had a "limited reach" that did not extend to the statutory deadline at issue:

> "In issuing the orders, we did not purport to supervise executive agencies such as the registry of deeds.  Rather, we provided guidance to lower courts as to how to conduct

> court operations safely amid the ongoing public health crisis, so that the courts remained accessible to the public, while abiding by public health restrictions to protect litigants, attorneys, and court employees. The orders correspondingly tolled only those statutory deadlines that pertained to court proceedings."

Id. at 646.

This analysis is directly applicable to the filing deadlines related to the MCAD, another executive agency. "Given the narrow focus of the orders on court operations, it is clear that the provision in each order that tolled statutory deadlines was designed to encompass only those statutory deadlines that affect court operations, i.e., deadlines in cases pending in court or to be filed in a court." Id. at 645.

That G. L. c. 151B, § 9, provides a path for a claimant to resolve his or her claims in court is not enough to bring the MCAD filing deadline within the limited scope of our orders. Cf. Graycor, 490 Mass. at 646-647 (statutory deadline for filing notice of contract not tolled notwithstanding that "an entity seeking to perfect a mechanic's lien might eventually turn to the courts to enforce that lien"). The requirement that a claimant file at the MCAD before pursuing judicial remedies is absolute. "Without the predicate filing in MCAD, the Superior Court has no jurisdiction to entertain the claim of discrimination." Everett, 453 Mass. at 600. Thus, regardless of which path a claimant ultimately chooses -- continuing with

the MCAD or commencing a civil action -- his or her claim must

begin at the MCAD. And the MCAD, as an independent agency of

the executive branch, see G. L. c. 6, § 56, is not subject to

our superintendence powers. Just as our emergency orders did

not extend deadlines at the registry of deeds, so too do they

not affect the 300-day deadline for filing at the MCAD.[5,6] See

Graycor, supra at 646 ("In issuing the orders, we did not

purport to supervise executive agencies . . .").

3. Equitable tolling. Dunn also contends that even if

this court's COVID-19 orders did not expressly toll his filing

deadline with the MCAD, equitable tolling principles did. We

have said that "[e]quitable tolling is to be 'used sparingly,'

and the circumstances where tolling is available are extremely

---

[5] Dunn's reliance on Christo, 402 Mass. 815, is misplaced. In Christo, we concluded that a Superior Court judge could "perhaps" apply equitable tolling to the MCAD filing deadline if the plaintiff "was misled by agency employees who discouraged her from filing a timely complaint with the MCAD." See id. at 817. That such case-specific equitable relief may be available in certain situations has little bearing on the tolling enacted by our emergency orders, for all the reasons discussed supra.

[6] Because our interpretation of the text of the orders is that they do not extend the MCAD filing deadline, we need not address the question whether they could do so without violating art. 30 of the Massachusetts Declaration of Rights. See Commonwealth v. Cole, 468 Mass. 294, 301 (2014) ("Article 30 specifically prohibits the legislative, executive, and judicial branches from 'exercis[ing] the . . . powers' of the other branches"). See also Beeler v. Downey, 387 Mass. 609, 613 n.4 (1982) (recognizing "duty to avoid unnecessary decisions of serious constitutional issues").

limited." Halstrom v. Dube, 481 Mass. 480, 485 (2019), quoting Shafnacker v. Raymond James & Assocs., Inc., 425 Mass. 724, 728 (1997). In the context of G. L. c. 151B claims, we have recognized that equitable tolling could potentially apply if the MCAD misled a plaintiff, causing the plaintiff to miss the deadline, see Christo, 402 Mass. at 817, or if a "plaintiff is excusably ignorant about the [300-day] statutory filing period," Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021, 1022 (1996).

In the instant case, there is no suggestion of misconduct by the MCAD or even excusable neglect by the plaintiff. To address the problems created by COVID-19, the MCAD's website contained instructions for requesting tolling of its filing deadlines. The plaintiff never sought to toll the filing deadline. See Protective Life Ins. Co. v. Sullivan, 425 Mass. 615, 631 (1997) ("[a] party attempting to invoke [equitable tolling] will be held to a duty of reasonable inquiry"). Instead, he chose to rely on our orders, which, as explained supra, applied to court filings, not agency filings. In these circumstances, we discern no inequity and therefore no basis for equitable tolling of the 300-day filing requirement with the MCAD. See Halstrom, 481 Mass. at 485; Andrews, 423 Mass. at 1022; Christo, 402 Mass. at 817.

Conclusion. The order dismissing the plaintiff's G. L. c. 151B claims is affirmed, and the case is remanded to the

Superior Court for further proceedings regarding the remaining claims.

<u>So ordered</u>.